SALCINES, J.
Franklin James Hawthorne appeals from an order which denied in part his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). The State concedes that the trial court erred when it denied relief from a sentencing error as well as a clerical error. We reverse in part.
In Hillsborough County Circuit Court case 94-1094, Hawthorne was originally charged in a multiple-count information with several offenses including felony possession of cannabis. At a plea hearing, the State orally amended count three of the information from felony possession of cannabis to a misdemeanor charge. Hawthorne entered a guilty plea to the charged offenses including the misdemeanor possession of cannabis. The trial court deferred sentencing until a later date. At the sentencing hearing, the trial court er1 f oneously imposed a sentence of five years’ imprisonment for the misdemeanor possession of cannabis. Additionally, when the judgment was prepared it indicated that the conviction for count three in case 94-1094 was for possession of cocaine rather than possession of cannabis.
Hawthorne filed a motion to correct illegal sentence challenging the sentences in Hillsborough County Circuit Court cases 94-200, 94-1094, and 94-1095. One of the grounds of error pointed out the mistake in the judgment and sentence in case 94-1094. The trial court denied relief on this ground. On appeal, the State candidly concedes that the judgment and sentence for count three in case 94-1094 are incorrect. We agree.
Apparently, the judge reviewing Hawthorne’s motion did not have access to the transcript of the plea hearing in which the State orally amended the information. It appears that there was a clerical error in the judgment for count three in case 94-1094 which should have stated that Hawthorne’s conviction was for possession of cannabis. Accordingly, we reverse that portion of the trial court’s order that denied relief from the five-year sentence in count three in case 94-1094 and remand for the trial court to resentence Hawthorne to a legal sentence for the misdemeanor conviction. Further, an amended judgment shall be prepared to correct the clerical error in the judgment in case 94-1094 as discussed above. In all other respects we affirm the order of the trial court denying in part Hawthorne’s motion to correct illegal sentence relating to circuit court cases 94-200, 94-1094, and 94-1095.
Affirmed in part, reversed in part, and remanded.
FULMER and CASANUEVA, JJ., Concur.